UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION


ERIC DWAYNE BURTON          ]
        Plaintiff,          ]
                            ]
v.                          ]          No. 3:10-0581
                            ]          Judge Campbell
SUMNER COUNTY JAIL, et al.  ]
        Defendants.         ]


M E M O R A N D U M


The plaintiff, proceeding *pro se*, is an inmate at the Sumner County Jail in Gallatin, Tennessee.[1] He brings this action pursuant to 42 U.S.C. § 1983 against the Sumner County Jail and Southern Health Services, seeking damages.

The plaintiff's Statement of Claim reads in its entirety as follows :

> On or about June 13th 2009 Plaintiff slipped and fell in water on floor cause by condinsation [*sic*] due to the fact that the air was not working in Alpha Pod tower 3 it was so hot that some of the paint peeled from the steel as a result of the fall plaintiff severely injured his right shoulder dislocating it or breaking it?

Docket Entry No.1 at pg. 2.

*Pro se* pleadings are subject to liberal construction. Haines

---

[1] According to the complaint, the plaintiff resides at a residential address in Gallatin. However, by telephone, it was confirmed that the plaintiff remains incarcerated at the Sumner County Jail.

*v. Kerner*, 404 U.S. 519 (1972). Nevertheless, liberal construction does not require the Court to create a claim which the plaintiff has not spelled out in his complaint. <u>Wells v. Brown</u>, 891 F.2d 591, 594 (6th Cir. 1989). A plaintiff is required to plead more than bare legal conclusions. <u>Lillard v. Shelby County Board of Education</u>, 76 F.3d 716, 726 (6th Cir. 1996). Thus, a *pro se* litigant must meet the basic pleading requirements for a complaint in order to state a cognizable claim for relief. <u>Wells</u>, *supra*. The plaintiff must identify the right or privilege that was violated and the role that each defendant played in the alleged violation. <u>Dunn v. Tennessee</u>, 697 F.2d 121, 128 (6th Cir. 1982).

In this case, the plaintiff never mentions the defendants in his Statement of Claim. He fails to identify the right or privilege that was violated and the role that each defendant played in the alleged violation. In short, the Court has been left to guess at the plaintiff's legal theories and how they are applicable to these defendants.

As a consequence, the plaintiff has failed to state a claim upon which relief can be granted. When this occurs, the Court is obliged to *sua sponte* dismiss a pauper pleading. 28 U.S.C. § 1915(e)(2).

An appropriate order will be entered.

Todd Campbell
United States District Judge